EASTERN DIST.
*February*, 1836.

## PASSEBON *vs.* HIS CREDITORS.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

The creditor who demands the arrest of his insolvent debtor, must set forth the circumstances which induce him to make the oath. But it is sufficient, if these circumstances are disclosed by reference to the petition, schedule or other documents in the cause. A detail of them is not required in the affidavit.

The article 223 of the Code of Practice requires the creditor to swear he *verily believes* the facts in his affidavit; but these words are not sacramental. The affiant may swear, " he *suspects and fears* his debtor is about to depart," &c. and it will be deemed sufficient.

The plaintiff made a surrender of his property on the 29th of December, 1835, for the benefit of his creditors and prayed that all legal proceedings against his person and property be stayed. An order was granted according to the prayer of the petitioner.

On the next day, Edward Vincent, a creditor of the insolvent, filed his petition alleging that " the said Passebon, under false pretences and unfounded allegations had obtained the order staying all proceedings against his person and property."

" From the tenor of the schedule filed, the resources which it was known were within the control of the insolvent on the eve of his insolvency, it is evident he conceals a large amount of his property."

" That the circumstances under which he failed are such as to induce this petitioner strongly to suspect the intentions of said insolvent, and that he has in fact strong reasons *to suspect and fear* that he will avail himself of the stay of proceedings granted to him to keep his person from his creditors, and to run away from the jurisdiction of the court."

He prays that the insolvent be arrested and imprisoned.

EASTERN DIST.
February, 1836.

PASSEBON
vs.
HIS CREDITORS.

At the foot of the petition, the petitioner annexed his affidavit, declaring the facts it contained to be true, " and that he has *strong reasons to fear* the insolvent will avail himself of the stay of proceedings to leave the state," &c.

Upon this petition and affidavit the insolvent was arrested and imprisoned.

A rule was taken by the insolvent debtor on the petitioning creditor, to show cause why the former should not be discharged.

On hearing arguments of counsel on both sides, the parish judge discharged the insolvent on the insufficiency of the affidavit on which he was arrested.

1. " He decided that a party resorting to an extraordinary remedy, must pursue the requisites of the law strictly."

2. " That the 223d article of the Code of Practice requires the party obtaining the arrest of another, to swear that he *verily believes* the insolvent is about to depart from the jurisdiction of the court, &c. which is not complied with."

3. " That he has not set forth the circumstances specially which induced him to the belief of the facts sworn to, as the above article requires."

The petitioning creditor appealed.

*Morphy* and *Grailhe,* for the plaintiff and insolvent.

*Soulé,* for the appellant.

*Martin, J.,* delivered the opinion of the court.

In this case the insolvent debtor was arrested at the instance of a creditor, under the 223d article of the Code of Practice, on the allegation that he was about to depart from the jurisdiction of the court, and thereby secrete his person from his creditors.  On application to the court, the debtor obtained his discharge from the arrest.  The creditor who had provoked the arrest, appealed from the decision of the court which ordered the discharge of the debtor.

The discharge was claimed on the ground of the alleged insufficiency of the affidavit on which the arrest was made in

,the first instance. It was considered defective, because the
affiant did not set forth the facts which it was supposed
the insolvent debtor would avail himself of the stay of
proceedings which he had obtained, for the purpose of placing
his person and property out of the reach of his creditors ; and
because the affidavit states that the affiant only *suspected or
had reason to fear* the insolvent was about to absent or secrete
himself, not that *he verily believed so.*

The Code of Practice is explicit in requiring the creditor
who makes the oath to set forth the circumstances which
induced him to entertain the belief he swears to. It is,
however, sufficient if these circumstances are disclosed by a
reference to the petition or schedule of the debtor, or to any
other document which has been made a part of the proceedings
in the cession. There is nothing which requires that they
be detailed in the affidavit. This has been done in the
present case. The documents on file go to establish that
previous to the application for a stay of proceedings against
him, the insolvent removed a large sum of money from the
banks, and a number of notes and valuable papers, for the
purpose of placing them out of the reach of his creditors.

The creditor
who demands
the arrest of his
insolvent debtor,
must set forth
the circumstan-
ces which induce
him to make the
oath. But it is
sufficient if these
circumstances
are disclosed by
reference to the
petition, sche-
dule, or other
documents in the
cause. A detail
of them is not
required in the
affidavit.

It is true, the Code of Practice in the very article referred
to, requires the creditor who demands the arrest of the
insolvent debtor, to swear *that he verily believes* the facts
which excite his apprehension of the absconding of his debtor.
But these very words are not sacramental. It is enough for
the creditor to show a fair ground of apprehension in the
oath he takes; that the measure which he provokes is
necessary to the security of the mass of the creditors, and is
justified by the conduct of the debtor.

The article
223 of the Code
of Practice re-
quires the credi-
tor to swear, he
*verily believes*
the fact in his
affidavit ; but
these words are
not sacramental.
The affiant may
swear, "he *sus-
pects and fears*
his debtor is
about to depart,"
&c., and it will
be deemed suffi-
cient.

The line of distinction between *belief* and *strong suspicion*
and *fear* of a thing or event happening, is not very easily
drawn or made clear. Indeed, a belief of future events
happening, is at best, even when sworn to, little more than
conjecture ; and when a person swears that he *suspects* and
*fears* such a thing is going to happen, he of course believes it
will take place, but in neither case does he know it. *5 La.
Reports,* 494. *7 Ibid.,* 413.

EASTERN DIST.   It is, therefore, ordered, adjudged and decreed, that the
*February,* 1836. judgment of the Parish Court be annulled, avoided and
CASANOVA'S   reversed, and that the rule taken on the creditor for the
HEIRS        liberation and discharge of the debtor from arrest, be
*vs,*         discharged, and that the appellee pay costs in both courts.
AVEGNO.